CASE NO. CC-23-1120

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

───────────────────────────────────────────────

In re MARIA TERESA MELENDEZ REY
*Debtor.*

───────────────────────────────────────────────

MARIA TERESA MELENDEZ REY
*Appellant,*

vs.

PETER URQUIJO
*Appellee;*

───────────────────────────────────────────────

Appeal From Memorandum of Decision and Order of the United States
Bankruptcy Court for the Central District of California
Case No. 2:22-bk-14119 WB

───────────────────────────────────────────────

**REPLY BRIEF**

───────────────────────────────────────────────

SHIODA LANGLEY & CHANG, LLP
Christopher J. Langley, SBN: 258851
1063 E. Las Tunas Dr.,
San Gabriel, CA 91776
Tel: (951) 383-3388 / Fax: (877) 483-4434
chris@slclawoffice.com
Attorney for Appellant
Maria Teresa Melendez Rey

# **TABLE OF CONTENTS**

I.   INTRODUCTION……………………………………………..…...……4

    A. STANDARD OF REVIEW……………………………………..…...….4

    B. THE RULING THAT APPELLEE URGES IS IN CONFLICT WITH LONGSTANDING CALIFORNIA LAW ON HOMESTEAD EXEMPTIONS……………………………………………….…….5

    C. THE IMPACT OF THIS APPEAL IS NOT ISOLATED, MAKING THE POLICY ARGUMENTS PERTINENT…………………………………….8

II.  CONCLUSION……………………………………………………….10


CERTIFICATE OF COMPLIANCE…………………………………… …...11

CERTIFICATE OF SERVICE…………………………………………………12

# TABLE OF AUTHORITIES

Cases

*Ackley v Chamberlain,* 16 Cal. 181, 76 Am. Dec. 516, Field, C. J……...….……6, 7

*Arkison v. Gitts (In re Gitts),* 116 B.R. 174, 176 (9th Cir. BAP 1990)……………..4

*In re Gebhart* 621 F. 3d 1206 (9th Cir. 2010)………………………………………4

*Heathman v. Holmes*, 194 Cal 291, 295-96 (1892)…………………………………...6

*In re Jarrell,* 34 D. 2d 970 (S.D. Cal. 1929)……………………………….……7

*Klein v. Chappell (In re Chappell),* 373 B.R. 73, 76 (9th Cir. BAP 2007)…………4

*Oppenheim v. Goodley*, 148 Cal App. 2d 325 (1957)………………………....….8

*Phelps v. Loop*, 64 Cal. App. 2d 332 (1944)……………………………………..8

*In re Shepardson*, 28 F. 2d 353 (S.D. Cal. 1928)…………………………….....7

*Viotti v Giomi*, 230 Cal. App. 2d 730 (1964)……………………………………7

## I. INTRODUCTION

Appellee Peter Urquijo's Responsive Brief focuses on three primary themes: (1) that the standard of review for this appeal is clearly erroneous, not de novo, because the bankruptcy court's factual finding regarding lack of use of the second unit by the debtor Maria Teresa Melendez Rey controls this court's determination; (2) overwhelming legal authorities forbid a homestead exemption on any part of property not actually utilized by a debtor for dwelling purposes even if the property cannot be divided into legal lots; and (3) the debtor's public policy arguments are misconceived. The debtor addresses these three themes below to demonstrate to the BAP why they are not winning arguments.

### A. STANDARD OF REVIEW

The authorities cited to the BAP in the Opening Brief strongly support the conclusion that the standard of review for the determination of a right to a homestead exemption is a question of law which is reviewed de novo. *Atkison v. Gitts (In re Gitts)*, 116 B.R. 174, 176 (9th Cir. BAP 1990). Moreover, the determination of a homestead exemption based on *undisputed facts* is a legal conclusion which is reviewed de novo. *Klein v. Chappell (In re Chappell),* 373 B.R. 73, 76 (9th Cir. BAP 2007), *aff'd sub. nom., In re Gebhart* 621 F. 3d 1206 (9th Cir. 2010).

Appellee submits that the bankruptcy court resolved a disputed factual issue

when it found that the debtor did not occupy nor otherwise use the second unit on the single indivisible lot.  The debtor never disputed that fact, other than to argue another undisputed fact:  that without the income from the rental units, her budget would not support the ability to make the mortgage payment for debt which was secured by the entire lot, including the second dwelling unit.  There was no controverted factual issue which the court resolved with its Memorandum of Decision.  Therefore, the decision of the bankruptcy court did not turn on a disputed factual finding.  De novo review controls.

### B. THE RULING THAT APPELLEE URGES IS IN CONFLICT WITH LONGSTANDING CALIFORNIA LAW ON HOMESTEAD EXEMPTIONS

Appellee argues that a homeowner must utilize every single inch of her property to be entitled to a homestead exemption which would protect all the available equity on a single unsubdivided lot.  Although he supported his argument with bold print and underlining of sound bites in California authorities, what Appellee glossed over was the prevailing view of California courts that property would not be divided between portions subject to the exemption and those not if that division deprived the homeowner of the value and purpose of the homestead exemption.  When the property cannot be divided and the purported non-homestead part cannot be sold separately, a California court would allow the debtor

5

to retain as a homestead the entire property.

The California Supreme Court as long ago as 1892 struck down an opinion which deprived homeowners of an exemption for their entire property just because they used a portion of it for a profitable business.

> In the case at bar, it is not contended by respondents that the appellants did not continue to reside in the building and to make it their home, or that they had any other residence or home. They have never ceased for a day to reside there from 1885 to the present time. But it is contended that because for part of that time they leased part of the building, although residing themselves in the part not leased, therefore they lost the right of homestead. We cannot concur in this view. To do so would be to hold that appellants lost their residence without changing it, and left their home without going away from it. In *Ackley v Chamberlain,* 16 Cal. 181, 76 Am. Dec. 516, Field, C. J., said that "the question whether property devoted chiefly to business purposes can be subject to a homestead claim is full of embarrassment;"

*Heathman v. Holmes*, 194 Cal 291, 295-96 (1892)

In the case cited by the California Supreme Court, *Ackley v. Chamberlain,* the court had proclaimed that the validity of the homestead is not affected by reason of the fact that the principal building is called a hotel or is in fact a hotel.

*Ackley v. Chamberlain,* 16 Cal. At 181-184. These cases are entirely consistent with the authority cited in the Opening Brief, *In re Jarrell,* 34 D. 2d 970 (S.D. Cal. 1929), where the rental of the smaller, separate house did not disturb the homestead exemption on the entire lot, and *In re Shepardson*, 28 F. 2d 353 (S.D. Cal. 1928), where the rental of nine separate cabins did not prevent the imposition of a homestead on the entire 10 acre lot.

When the cases speak of the necessity for a homeowner to "use" the property to be entitled to a homestead exemption, they speak of occupation of it as a dwelling unit, as defined by the statute. The California Court of Appeal in 1964 in *Viotti v Giomi*, 230 Cal. App. 2d 730 (1964), referred to the *Estate of Levy,* 141 Cal. 646 (1904), for the proposition that "when the statute speaks of the 'dwelling house,' it means the building which is occupied as a dwelling house by the family and not such portions of the building as may be actually used by the family for residence purposes. The use of a building partly or even chiefly for business purposes or the renting a part of it is not inconsistent with the right of homestead provided it is and continues to be the bona fide residence of the family." *Viotti* 230 Cal App. 2d at 736.

Appellee's "lack of use" exception would prevent a debtor from protecting the full value of a duplex with the homestead exemption, a protection which has been allowed by California courts (and bankruptcy courts sitting in California)

7

since at least 1957. In *Oppenheim v. Goodley*, 148 Cal App. 2d 325 (1957), the California Court of Appeal, citing numerous authorities, assured that a duplex was protected: "Plaintiff argues that the transformation of the building into a duplex destroys the homestead as to the part of the house not occupied by defendant. Since, however, the homestead relates to but one building, which is being used as a residence by defendant, this argument is without merit." *Id.* at 330. A similar conclusion was reached in *Phelps v. Loop*, 64 Cal. App. 2d 332 (1944), which protected an eighteen unit apartment building when the judgment debtors occupied but one unit.

In none of these cases where the homestead exemption protected the entire lots did the judgment debtors or homeowners occupy or directly use the units where other families were living. Yet they enjoyed a homestead exemption on the full value of the property. Why should the outcome be any different for the debtor just because there is some grass between the two units? California courts, strictly construing the homestead exemption in favor of debtors, would not deny a homestead where the lot cannot be divided and denial would totally deprive the debtor of homestead protection.

### C. THE IMPACT OF THIS APPEAL IS NOT ISOLATED, MAKING THE POLICY ARGUMENTS PERTINENT

Appellee attempts to downplay the impact of this ruling on the California

housing crisis by pointing out that the second unit on the debtor's property is not an ADU. True, but how does that mean the decision would not prevent a homeowner building an ADU from losing the homestead protection for the entire undivided lot? If the criteria is the debtor's physical occupation of the unit, an ADU would not qualify for the exemption since the whole purpose of an ADU is to house other people. The debtor's concern is not at all speculative. The state is encouraging the construction of ADU's at the present time with legislative changes. Owners of single family residences are today considering increasing housing and enhancing their ability to make escalating mortgage payments by adding an ADU rental unit to their property. However, the risk of losing their homes if the homestead exemption will not protect the entire lot will inevitably cause some to reconsider building.

If the bankruptcy court's ruling stands, it would also impact the extension of homestead exemptions to duplexes or other multi-unit buildings. As the cases cited by the debtor show, California courts have long extended homestead exemption protections to duplexes and even to entire apartment buildings so long as the judgment debtor lived in a single unit. Appellee's argument, however, would change those rulings because the debtor would not be "using" the other units. The impact of such a ruling cannot be ignored because it would upset accepted precedent and practices. The "chaos" referred to in the Opening Brief would be

9

real.

## II. CONCLUSION

The bankruptcy court's ruling, though lacking precedential value, would disturb long-accepted principles and practices in the bankruptcy courts in California. It would expose duplexes to division for homestead exemption protection purposes and confound trustees as they attempt to value parts of unsubdivided lots which have no fair market value because they cannot be sold separately. It would create "use" disputes: how much is enough? What if the rental shares a water connection? Is that sufficient use? Where would that parade of evidentiary horrors stop? When everyone ran out of money to litigate? It can stop here with reversal of the ruling.

Dated: November 13, 2023              Respectfully Submitted,

                                                  Shioda Langley & Chang, LLP

                                   By:   */s/ Christopher J. Langley*
                                            Christopher J. Langley, Esq.
                                            Attorney for the Debtor

# **CERTIFICATE OF COMPLIANCE**

This Reply Brief, exclusive of the certifications, tables of contents and authorities, and the identity of counsel at the end of the brief, is 1,553 words in text and footnotes as counted by Microsoft Word, the word processing system used to prepare this brief. This brief has been prepared in a proportionally-spaced typeface using Times New Roman 14-point font.

I certify under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

Shioda Langley & Chang, LLP

By:    */s/ Christopher J. Langley*
       Christopher J. Langley, Esq.
       Attorney for the Debtor

# **CERTIFICATE OF SERVICE**

When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Bankruptcy Appellate Panel of the Ninth Circuit by using the appellate CM/ECF system on November 13, 2023

                                           Respectfully Submitted,

                                           Shioda Langley & Chang, LLP

                 By:    */s/ Christopher J. Langley*
                               Christopher J. Langley, Esq.
                               Attorney for the Debtor